**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| IYAPO CLINTON JONES, SR., | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | Civil No. 25-1090-BAH |
| MAZDA FINANCIAL SERVICES ET AL., | * | |
| Defendants. | * | |
|  | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Iyapo Clinton Jones, Sr. ("Jones"), proceeding pro se, sues Mazda Financial Services ("MFS"), Heritage Mazda Catonsville ("Heritage Mazda"), and Toyota Motor Credit Corporation ("TMCC") (collectively "Defendants"), alleging wrongful repossession (Count I), breach of contract (Count II), negligence (Count III), conversion (Count IV), and unjust enrichment (Count V). ECF 1. Pending before the Court are Heritage Mazda's motion to dismiss, ECF 6, and MFS and TMCC's motion to dismiss, ECF 10. Jones filed an opposition, ECF 14, along with a supplement to the opposition with exhibits, ECF 15. MFS and TMCC filed a reply. ECF 18. All filings include memoranda of law, and Jones' opposition and supplement include exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, both motions to dismiss are **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

## I.   **BACKGROUND**

The following facts are drawn from Jones' complaint, which the Court will "accept as true

. . . and construe [] in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec.*

*Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801

F.3d 412, 422 (4th Cir. 2015)).  Jones "financed a 2020 Nissan Versa through the Defendants."

ECF 1, at 4 ¶ 1.  "On October 1, 2024," he "sent a coupon for $19,347.71 to [MFS]" along with

"formal requests for full accounting and debt discharge." *Id.* ¶ 3.  Jones then sent a "Second Notice

and Right to Cure . . . reserv[ing] the right to settle any remaining amount under his security

interest within 45 days," and a "Memorandum of Fact, Law, and Equity asserting his legal

protections . . . demanding cessation of unauthorized collection and repossession attempts." *Id.* at

4–5 ¶¶ 4–5.  Despite his demands, Jones alleges that "Defendants failed to properly apply the

coupon" and "repossess[ed his] vehicle on December 3, 2024." *Id.* at 5 ¶ 6.

Jones sent MFS a number of documents in protest of the repossession. *See id.* ¶ 7 ("Final

Notice of Fault" sent to MFS), at 6 ¶ 8 (Jones "a UCC-1 Financing Statement"), ¶ 8 (Jones

"submitted a Financial Regulation Consumer Complaint Form"), ¶ 10 ("Conditional Acceptance

Notice, Final Notice for Settlement, and National Security Interest Disclaimer" sent to MFS), at 7

¶ 11 (Jones filed a "UCC-3 Financing Statement Amendment), ¶ 12 ("Urgent Inquiry Regarding

Debt Collection of Repossession Practices" sent to MFS).  Jones alleges that Defendants' failure

to respond to his various documents and filings "constitute breach of contract, negligence,

wrongful repossession, conversion, unjust enrichment, and violations of consumer protection

laws." *Id.* at 8 ¶ 14.

In response to the complaint, Heritage Mazda, MFS, and TMCC filed their respective

motions to dismiss, ECF 6 (Heritage Mazda); ECF 10 (MFS and TMCC), which are now ripe for

resolution.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.,* 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.,* 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton,* Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd,* 368 F. App'x 361 (4th Cir. 2010).

## A.   Consideration of Exhibits

Jones has filed twenty-six exhibits in support of his response in opposition to the motions to dismiss. *See* ECF 15. Courts may, at the motion to dismiss stage, consider "documents attached to the complaint, 'as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019) (quoting *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). A document is "integral" when "its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). As an example, "documents that 'constitute the core of the parties' contractual relationship' have been found to be integral in a breach of contract dispute." *Fisher v. Maryland Dep't of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). Nearly all of the exhibits filed by Jones are not "integral" to his claims in that they do not appear to "give[] rise to the legal rights" asserted in the complaint. *Chesapeake Bay Found.*, 794 F. Supp. 2d at 611. However, the Court observes that Jones attaches the "payment coupon" that he alleges discharged his debt and gives rise to his wrongful possession, breach of contract, conversion, and unjust enrichment claims. *See* ECF 15-4, at 1. As such, the Court will consider the "coupon" in analyzing the motion to dismiss but will exclude the remainder of the exhibits as non-integral documents. *See Fisher*, 2010 WL 2732334, at *3 (noting that if a court disregards a non-integral document, it "should 'expressly exclude any attached, supported materials.'" (citing *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 498 (E.D. Va. 2003))).

## III.   ANALYSIS

### A.   Heritage Mazda's Motion to Dismiss

Heritage Mazda moves to dismiss Jones' complaint pursuant to Rule 12(b)(6), asserting that Jones "has failed to allege any facts concerning the role of Heritage Mazda" in relation to his claims. ECF 6-1, at 3. Jones counters that Heritage Mazda "initiated the contract and profited from the transaction" and that he "is not required to itemize each fact per Defendant at the pleading stage." ECF 14, at 3. The Court observes that throughout the complaint, Jones generally does not identify which Defendant carried out certain alleged acts and instead references the conduct of "Defendant" or "Defendants." *See* ECF 1, at 4–8. And while Jones identifies Heritage Mazda as a Defendant, the Court agrees that the complaint does not provide "any specificity of alleged actions on the part of Heritage Mazda." ECF 6-1, at 3.

"[D]etermining whether a complaint states a plausible claim for relief is a 'context-specific task.'" *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 679). "It is not a categorical rule that a complaint that makes allegations collectively against Defendants will never survive a motion to dismiss." *Heym v. APG Hous., LLC*, Civ. No. JRR-23-2092, 2024 WL 2302306, at *3 (D. Md. May 21, 2024) (internal quotation marks omitted) (quoting *Langford*, 62 F.4th at 126). But where a plaintiff employs a "'global manner of pleading,'" he must still allege "'sufficient facts to allow the court to infer liability as to *each* defendant.'" *Langford*, 62 F.4th at 126 (first citing *Barrett v. Bd. of Educ. of Johnston Cnty.*, 590 F. App'x 208, 211 (4th Cir. 2014) (per curiam); and then citing *Iqbal*, 556 U.S. at 676 (emphasis in original)). "A pleading cannot simply 'lump[ ] [Defendants] together in the complaint without sufficient detail,' or further without 'alleging any facts specific to each entity.'" *Heym*, 2024 WL 2302306, at *3 (quoting *Wormack v. Caesars Baltimore Mgmt. Co., LLC*, Civ. No. SAG-22-01108, 2022 WL 2668183, at *5 (D. Md. July 11, 2022)). "'[A]t this early stage in the litigation, a plaintiff will not come to

5

court fully armed with the requisite facts to prove their case,' but the plaintiff still must allege 'sufficient facts to allow the court to infer liability as to *each* defendant.'" *Id.* (quoting *Langford*, 62 F.4th at 126) (emphasis in *Langford*).

The Court agrees that the complaint fails to allege that Heritage Mazda played a role in the events that give rise to Jones' claims. The claims asserted arise out of the repossession of Jones' vehicle for non-payment of his loan, *see* ECF 1, at 8–13, and Jones does not allege any facts to show that Heritage Mazda had any involvement in the collection or enforcement of the loan. Jones asserts in his opposition that Heritage Mazda's role was to "initiate[] the contract and profit[] from the transaction." ECF 14, at 3. But on the face of the complaint, Jones does not allege that he entered into a contract with Heritage Mazda, or that Heritage Mazda was involved in the issuance of the loan whose alleged non-payment lead to the repossession at the heart of Jones' claims. *Cf. Wright v. Nationstar Mortgage, LLC, et al.*, Civ. No. PJM-14-3991, 2016 WL 1077164, at *5 n.12 (D. Md. Mar. 18, 2016) (dismissing claims related to a property foreclosure against a defendant bank where the plaintiff "fail[ed] to describe how BANA has had *any* connection to the Loan or the actions taken with regard to the Loan"), *aff'd sub nom. Wright v. Nationstar Mortg., LLC*, 674 F. App'x 325 (4th Cir. 2017). In fact, Jones does not allege any conduct by Heritage Mazda at all, only stating that Heritage Mazda "is an automobile dealership . . . engaging in the sale, financing, and servicing of Mazda vehicles." ECF 1, at 2. Jones also provides in his opposition that he "entered into a Motor Vehicle Retail Installment contract with *Mazda Financial Services*," not Heritage Mazda. ECF 14-2, at 2 (emphasis added). Even under the most generous reading afforded to a pro se litigant, the complaint is devoid of any alleged conduct for which Heritage Mazda could be held liable. Accordingly, Jones fails to allege "sufficient facts to infer liability" as to Heritage Mazda, and the claims against it must be dismissed. *See Langford*, 62 F.4th at 126.

6

**B.     MFS and TMCC's motion to dismiss**

MFS and TMCC move to dismiss all of Jones' claims because he has failed to state a plausible claim for relief, or in the alternative, for an order compelling Jones to provide a more definite statement of his claims under Rule 12(e).  ECF 10-1, at 2.  The Court notes at the outset that Jones provides a number of citations in his complaint, including to, *inter alia*, various provisions of the Uniform Commercial Code ("UCC") and the Truth in Lending Act, 15 U.S.C. § 1601 et seq.  *See* ECF 1, at 3.  It is not clear to the Court whether Jones seeks to bring claims under those laws, given that Jones clearly asserts five claims for relief under Maryland law.[2]  ECF 1, at 8–13.  The Court will confine its analysis to the claims actually pled in the complaint.  *Cf. Butzner v. Potter*, Civ. No. WDQ-07-1532, 2008 WL 11509399, at *2 n.2 (D. Md. Jan. 31, 2008) (where a plaintiff mentioned several federal statutes but failed to state their relationship to the cause of action, the Court "only address[ed] those claims actually pled in [the] complaint").

### 1.     Wrongful Repossession (Count I)

Jones alleges that Defendants wrongfully repossessed his vehicle in violation of Md. Code Ann. Commercial Law ("CL") § 12-1021, after failing "to apply [his] accepted coupon of $19,347.71 towards [his] debt balance."  ECF 1, at 8.  MFS and TMCC assert that "it does not appear that Jones tendered actual payment to the Defendants, only a coupon that he alleged satisfied or reduced the alleged debt," and Jones otherwise "provides no amount of factual support for the assertion that the Defendants had no legal authority to enforce the contract."  ECF 10-1, at 3.  The Court agrees with MFS and TMCC.

---

[2] The Court also notes that "[t]he UCC is a 'model code' that 'does not itself have the force of law. . . .  Instead, it has been enacted with modifications in the several states.'"  *Starr v. VSL Pharms., Inc.*, 509 F. Supp. 3d 417, 444 (D. Md. 2020) (citing *Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1048 (Fed. Cir. 2001)).

The Maryland Credit Grantor Closed End Credit Provisions ("CLEC"), which includes CL·§ 12-1021, "establishes notice and other detailed procedural requirements for the repossession and sale of collateral." *McDaniels v. Westlake Servs., LLC*, Civ. No. ELH-11-1837, 2014 WL 556288, at *2 (D. Md. Feb. 7, 2014) (citing CL § 12-1021). CLEC authorizes a credit grantor to "repossess. tangible personal property securing a loan under an agreement, note, or other evidence of the loan if the consumer borrower is in default." CL § 12-1021(a)(1).

The facts asserted by Jones do not create a plausible inference of wrongful repossession. Jones asserts that on October 1, 2024, he "sent a *coupon* for \$19,347.71" to be applied to his debt.[3] ECF 1, at 4 ¶ 3 (emphasis added). He also requested a "full accounting and debt discharge," to which MFS or TMCC did not respond. *Id.* As noted by MFS and TMCC, "it does not appear that Jones tendered actual payment" on his debt, and Jones does not assert that he did so. ECF 10-1, at 3. Instead, Jones argues that "use of a remittance coupon accompanied by notice and conditional acceptance ... forms a basis for estoppel and waiver"—but he provides no support for this proposition. ECF 14, at 2. The evidence submitted by Jones further demonstrates that he did not submit any actual payment on his account. The purported payment coupon provided by Jones is merely a billing statement from MFS, reflecting that Jones owed an outstanding balance on his vehicle loan and \$425.19 in past due payment. *See* ECF 15-4, at 1. Jones wrote "Accepted" on the document and then filled out the payment receipt portion at the bottom of the billing statement with the amount of \$19,347.71, printed the name "Iyapo Maker," and signed it with the notation,

---

[3] Jones asserts in his complaint that MFS/TMCC "accepted" the coupon. ECF 1, at 4. In his opposition, however, Jones clarifies that MFS/TMCC only "failed to rebut the offer" of his coupon, which he interprets as an "acquiesce[nce] under contract law principles." ECF 14, at 2. Given this contradiction, as well as MFS/TMCC's argument to the contrary, *see* ECF 18, at 3 ("It is implausible that Defendants would relinquish their collection rights or lead Plaintiff to believe his debt was paid without furnishing legal tender."), the Court does not find it plausible that MFS/TMCC accepted a coupon as payment for Jones' debt.

"without recourse." *Id.* There is no actual payment or receipt of payment attached to the "coupon."

MFS and TMCC contend that "an allegation that [a remittance/payment coupon] constituted a lawful manner to discharge a debt is implausible." ECF 10-1, at 3 (quoting *Vaughn v. Ally Fin., Inc.*, No. 1:24-CV-6, 2024 WL 4349088, at *2 (M.D.N.C. Sept. 30, 2024)). The Court concurs. Without any assertion that Jones tendered actual payment to MFS or TMCC to clear his debt, Jones fails to conceivably allege that he was not in default on the loan for the repossessed vehicle, negating any inference in support of an unlawful repossession claim. *Cf. Williams v. Cap. One Fin. Corp.*, No. 5:24-CV-350-M-RJ, 2025 WL 938994, at *1 (E.D.N.C. Mar. 27, 2025) (declining to treat "hand-annotated credit card statement as valid 'debt securities' capable of discharging [the plaintiff's] payment obligations," and noting that the plaintiff's "arguments are nearly identical to other claimants' failed attempts to avoid paying their debts through their own manufactured documents rather than actual payment") (collecting cases).

In his opposition, Jones raises for the first time an allegation that MFS or TMCC failed to "provide proper written notice before repossession" in violation of Maryland law. ECF 14-2, at 3. However, Jones "cannot amend [his] complaint[] through briefing" and therefore this assertion is "not properly before the Court and cannot be considered." *Nunez v. Eagles Beachwear & Swimwear of Myrtle Beach*, No. 4:24-CV-3002-JD-KDW, 2025 WL 1625592, at *4 (D.S.C. Feb. 19, 2025) (quoting *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)), *report and recommendation adopted,* No. 4:24-CV-03002-JD, 2025 WL 1540585 (D.S.C. May 30, 2025); *see also Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Glenn v. Wells Fargo Bank, N.A.*, Civ. No. DKC-15-3058,

2016 WL 3570274, at *9 (D. Md. July 1, 2016) ("[A]llegations raised for the first time in response to a motion to dismiss are not properly considered by the court."). Even if this contention were properly raised, Jones provides only a conclusory assertion that "Defendants failed to provide the requisite notice, resulting in wrongful possession," without any factual enhancement to state a plausible claim. ECF 14-2, at 3. Jones' wrongful repossession claim is dismissed.

### 2.    Breach of Contract (Count II)

Jones alleges breach of contract based on, among other things, a failure to honor his "coupon" as payment and ignoring his demand for debt discharge. ECF 1, at 9. Jones also claims that a breach of contract arises from the alleged "securitization or sale of the promissory note" by Defendants, which Jones asserts they failed to disclose to him in violation of the implied covenant of good faith and fair dealing. *Id.* at 10. MFS and TMCC counter that Jones "fails to state with certainty" the contractual obligations that were owed or the breach of the obligation. ECF 10-1, at 4. They further argue that Jones fails to allege a breach of good faith because "[h]e does not state when this alleged sale occurred, to whom, nor does he provide any information about Defendant's status in regard to the contract." *Id.* at 5.

In Maryland, "to prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). Jones' breach of contract claim appears to be premised on his "financ[ing of] a 2020 Nissan Versa through Defendants." ECF 1, at 4. However, Jones does not assert that any named Defendant owed him a contractual obligation to honor his remittance coupon as payment or to do any of the other above-listed acts that Jones asserts constitutes a breach of contract. He also does not identify any terms of the contract that purportedly give rise to these alleged obligations. In fact, the complaint contains no factual content addressing any specific contractual obligations between the parties.

Notably, Jones did not include the financing contract between the parties as one of the twenty-six exhibits submitted in support of his complaint. *See* ECF 15; *D.C. Water & Sewer Auth. v. Samaha Assocs., PC*, 729 F. Supp. 3d 511, 517 (D. Md. 2024) ("Generally, a contract is integral in a breach of contract dispute.") (collecting cases). Instead, Jones provides nothing more than conclusory statements asserting that a breach of contract occurred. *See* ECF 1, at 9–10. Jones likewise does not provide any factual allegations supporting a breach of the duty of good faith and fair dealing. More than "naked assertions devoid of further factual enhancement" are required to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The complaint fails to adequately plead a breach of contract.

### 3. Negligence (Count III)

Jones brings a claim of negligence, asserting that Defendants breached a duty to "act reasonably, truthfully, and in good faith regarding the administration of [Jones'] account" and "breached this duty." ECF 1, at 11. MFS and TMCC counter that "Jones has failed to adequately state the circumstance which created a duty owed to him" by MFS and TMCC, and similarly failed to state "how that duty was allegedly breached." ECF 10-1, at 6.

Jones' negligence claim fails because he has not alleged that MFC and TMCC owed him any legal duties or obligations outside of the scope of the contractual relationship. Under Maryland law, "[t]o establish a cause of action in negligence a plaintiff must prove the existence of four elements: a duty owed to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Jacques v. First Nat. Bank of Maryland*, 515 A.2d 756, 758 (Md. 1986). "[W]hen analyzing a negligence action[,] it is customary to begin with whether a legally cognizable duty exists," *Pendleton v. State*, 921 A.2d 196, 204 (Md. 2007), because "absent that duty, there can be no negligence," *Ashburn v. Anne Arundel Cnty.*, 510 A.2d 1078, 1083 (Md. 1986). However, "[t]he

mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." *Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961). "In ordinary loan transactions, the relationship between a debtor and a creditor is a contractual one, and is not fiduciary in nature." *Barry v. EMC Mortg.*, Civ. No. DKC-10-3120, 2011 WL 2669436, at \*6 (D. Md. July 6, 2011) (citing *Pease v. Wachovia SBA Lending, Inc.*, 6 A.2d 867, 889 (Md. 2010) (Adkins, J., concurring in part and dissenting in part)). Jones does not identify any additional source for the duties he references outside of the vehicle loan contract. Without any special duty, MFS and TMCC, as lenders, do not owe Jones a duty in tort. *See Parker v. Columbia Bank*, 604 A.2d 521, 535 (Md. App. 1992) (holding that where there is "no contractual basis for a special duty of care is alleged, a lender owes no duty of care to its borrower"). Accordingly, Jones has failed to plead facts to establish his claim of negligence and this claim is dismissed.

### 4.  Conversion (Count IV)

Jones brings a claim of conversion, alleging "Defendants unlawfully took possession of the Plaintiff's vehicle" after he paid with a coupon. ECF 1, at 12. MFS and TMCC assert that "Jones has failed to allege that he was not in payment default at the time of repossession, and therefore had a property interest in the vehicle and right to possession." ECF 10-1, at 7.

In Maryland, "'conversion' is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 963 (Md. 1999) (quoting *Interstate Ins. Co. v. Logan*, 109 A.2d 904, 907 (Md. 1954)). "[T]he gist of a conversion is not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled." *Wallace v. Lechman & Johnson, Inc.*, 732 A.2d 868, 874 (Md. 1999); *see also Basba v. Liu Xuejie*, Civ. No. PX-19-380, 2021 WL 242495, at \*5 (D. Md. Jan. 25, 2021) (applying

Maryland common law of conversion). Jones fails to allege that he was entitled to the repossessed vehicle at issue for the same reason that he failed to plead a wrongful repossession claim—payment of a debt with a self-manufactured coupon does not create a plausible inference that Jones paid his debt, was not in default of the loan, and thus entitled to possession of the vehicle. *See supra* Section III.B.1. Accordingly, his conversion claim is dismissed.

### 5. Unjust Enrichment (Count V)

Jones brings an unjust enrichment claim based on the alleged "refusal to honor the coupon payment and debt discharge request." ECF 1, at 12. MFS and TMCC argue that "unjust enrichment claims cannot be brought when the subject matter of the claim is covered by an express contract between the parties." ECF 10-1, at 7–8 (citing *Hebbeler v. First Mariner Bank*, Civ. No. ELH-17-3641, 2020 WL 1033586, at *23 (D. Md. Mar. 2, 2020)).

A Maryland claim for unjust enrichment contains three elements: (1) "[a] benefit conferred upon the defendant by the plaintiff"; (2) "(a)n appreciation or knowledge by the defendant of the benefit"; and (3) "[t]he acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) (quoting *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000)).

Where, as here, an express contract is present, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Froelich v. Erickson*, 96 F. Supp. 2d 507, 524 (D. Md. 2000), *aff'd sub nom. Froelich v. Senior Campus Living, LLC*, 246 F.3d 664 (4th Cir. 2001). Though not attached or referenced with specifics, the parties do not dispute that there is an express contract governing the terms of the vehicle loan at issue here. *See* ECF 1, at 4 ¶ 1 ("Plaintiff financed a 2020 Nissan Versa through the Defendants."); ECF 10-1, at 8 ("[T]here is an express contract covering the loan agreement between Jones and Defendants."). As such, Jones cannot

13

recover under an unjust enrichment claim. The Court acknowledges that exceptions apply in instances of where "there is evidence of fraud or bad faith, there has been a breach of contract or a mutual recission of the contract, when recission is warranted, or when the express contract does not fully address" the entire subject matter of the claim. *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 608–09 (Md. 2000). However, the facts alleged here reflect that these exceptions do not apply, nor does the face of the complaint even attempt to suggest that any of the exceptions are applicable. Dismissal is therefore warranted as to this claim.

## IV.    CONCLUSION

For the foregoing reasons, Heritage Mazda's motion to dismiss, ECF 6, is GRANTED, and MFS and TMCC's motion to dismiss, ECF 10, is GRANTED.

A separate implementing order will issue.


Dated: January 13, 2026                                      /s/
                                                      Brendan A. Hurson
                                                      United States District Judge

14