**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| IYAPO CLINTON JONES, SR., | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| MAZDA FINANCIAL SERVICES ET AL., | * |
| Defendants. | * |

Civil No. 25-1090-BAH

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Self-represented plaintiff Iyapo Clinton Jones, Sr. ("Plaintiff") brought suit against Mazda Financial Services ("MFS"), Heritage Mazda Catonsville ("Heritage Mazda"), and Toyota Motor Credit Corporation ("TMCC") (collectively, "Defendants"). ECF 1. On January 13, 2026, the Court dismissed all claims. ECF 20 (memorandum opinion); ECF 21 (order). Pending before the Court is Plaintiff's motion to alter or amend judgment and motion for leave to file an amended complaint (the "Motion"). ECF 23. Defendants filed their respective oppositions. ECF 25 (MFS and TMCC's); ECF 26 (Heritage Mazda's). Plaintiff did not file a reply. The Motion and MFS and TMCC's opposition include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED**.

I.    **BACKGROUND**

Plaintiff filed the original complaint on April 2, 2025. ECF 1. Defendants filed motions to dismiss, ECF 6 (Heritage Mazda's); ECF 10 (MFS and TMCC's), which were granted. ECF

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

20; ECF 21. Plaintiff has now filed a motion to alter or amend the judgment and for leave to file an amended complaint. ECF 23. The proposed amended complaint, attached to the motion, brings claims alleging violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Count I); breach of contract (Count II); violation of Uniform Commercial Code ("UCC") Article 9 "as adopted in Maryland" (Count III); and, as an alternative claim, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6) (Count IV). ECF 23-1, at 10–16. Defendants oppose the motion. ECF 25; ECF 26. Plaintiff did not file a reply, and the time to do so has now expired. The Motion is ripe for resolution.

## II.    LEGAL STANDARD

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). "Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024). "The standard for granting the [Rule 59(e)] motion is broad, as a court is authorized to reconsider its ruling on virtually any basis that it determines might have been an error or mistake in its judgment, although 'courts will not address new arguments or evidence that the moving party could have raised before the decision issued.'" *Id.* at 178 (quoting *Banister v. Davis*, 590 U.S. 504, 508 (2020)).

"In contrast to Rule 59(e), Rule 60(b) authorizes a court to 'relieve a party . . . from a final judgment' long after the judgment is final." *Id.* The grounds for relief under Rule 60(b) are narrower than under Rule 59(e) and subject to a more restrictive standard. *See id.* at 178–79. Under Rule 60(b) a party may seek relief for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "When the motion to vacate the judgment is made under Rule 59(e), the broad standard for allowing a court to grant the motion allows the court simply to turn to the standard applicable to the motion to amend" under Federal Rule of Civil Procedure 15. *Daulatzai*, 97 F.4th at 178–79. "But when the motion to vacate is filed under Rule 60(b), the more restrictive standard for granting that motion must be satisfied before consideration can be given to the motion to amend." *Id.* at 179.

Under Rule 15 of the Federal Rules of Civil Procedure, Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404

3

U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, Civ. No. 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III. ANALYSIS

Here, Plaintiff moves under Rule 59(e) or, alternatively under Rule 60(b), to amend the judgment of dismissal and for leave to file an amended complaint. ECF 23, at 1. The Motion was filed on February 1, 2026, nineteen days after Plaintiff's claims were dismissed. ECF 21 (dismissing complaint on January 13, 2026); ECF 23 (Motion filed on February 1, 2026). As the Motion was brought within 28 days of judgment, the Court will construe the Motion as brought under Rule 59(e). *See Carlton v. Getachew*, Civ. No. JRR-24-0514, 2026 WL 375522, at *10 (D. Md. Feb. 10, 2026) ("Because the motion was filed within 28 days of the Court's judgment, Rule 59(e) controls.").

Defendants oppose the Motion on the ground that Plaintiff has failed to "establish any basis for relief under Rule 59(e)." ECF 25, at 10; ECF 26, at 1 (adopting and incorporating by reference the arguments set forth by MFS and TMCC in ECF 25). But because Plaintiff's Rule 59(e) motion was filed along with a request to file an amended complaint, the Court evaluates the Motion under the test to be applied under Rule 15, which reviews the proposed complaint with an eye towards prejudice, bad faith, and futility. *Katyle*, 637 F.3d at 470–71 (quoting *Laber*, 438 F.3d at 427). Plaintiff argues that amendment is permissible because amendment is not futile, prejudicial, or brought in bad faith. ECF 23, at 7–8.

4

Defendants counter that Plaintiff may not amend his complaint through a Rule 59(e) motion, and cite to *Matrix Capital Management Fund, L.P. v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009), on this point. ECF 25, at 6. Defendants contend that "[o]nce judgment has been entered, a party may not amend its pleadings unless the judgment is first vacated under Rules 59(e) or 60(b)." *Id.* (citing *Matrix Capital*, 576 F.3d at 193). But what *Matrix Capital* also provides is that "'a post-judgment motion to amend is evaluated under the'" Rule 15 legal standard, and that "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital*, 576 F.3d at 193 (quoting *Laber*, 438 F.3d at 426). Defendants contend that granting leave to amend would cause prejudice "by prolonging futile litigation." ECF 25, at 7. However, this cursory mention of prejudice and futility fails to move the needle. "[D]elay alone is an insufficient reason to deny a motion to amend; however, when a post-judgment motion to amend is made, 'the further the case progressed before judgment was entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part.'" *Matrix Capital*, 576 F.3d at 193 (quoting *Laber*, 438 F.3d at 427). Because this case is still in its early stages, it is unlikely that any prejudice will result from delay. Moreover, Defendants do not provide further detail as to why amendment would be futile, nor do they address whether bad faith is present. *See* ECF 25, at 7.

The Court has reviewed the proposed amended complaint and notes that Plaintiff proposes to bring claims arising out of a similar set of facts alleged in the original complaint. ECF 23-1, at 1 (alleging that the "case arises from the repossession of Plaintiff's consumer vehicle"). Three of the claims, however, were not raised in the original complaint, including proposed claims brought under the FCRA (Count I), UCC (Count III), and FDCPA (Count IV). *Id.* at 10–16. Plaintiff

also raises a revised breach of contract claim that appears to differ from the one that was previously dismissed. *Compare* ECF 1, at 9–10, *with* ECF 23-1, at 11–14. Plaintiff's original breach of contract claim was dismissed because Plaintiff failed to "assert that any named Defendant owed him a contractual obligation to honor his remittance coupon as payment or to do any of the other above-listed acts that [Plaintiff] asserts constitutes a breach of contract." ECF 20, at 10. Plaintiff's breach of contract claim in the proposed amended complaint alleges that certain duties were owed. Specifically, Plaintiff asserts that "Defendants breached the [contract] including duties incorporated through the 'Applicable Law' clause," via a list of certain alleged "acts and omissions." ECF 23-1, at 12. In dismissing the previous breach of contract claim, the Court also noted that the contract from which the claim arose was conspicuously absent from the complaint. ECF 20, at 10–11. Plaintiff now provides a copy of the "Retail Installment Sales Contract" that purportedly gives rise to his breach of contract claim. *See* ECF 23-2 (contract).

Considering the liberal standard for allowing a party to amend pleadings and Plaintiff's pro se status and his entitlement to some leniency, the Court will grant leave to amend. Doing so will "give[] effect to the federal policy in favor of resolving cases on their merits[.]" *Laber*, 438 F.3d at 426.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to alter or amend judgment under Rule 59(e) and for leave to file an amended complaint, ECF 23, is **GRANTED**.

A separate implementing order will issue.

Dated: May 7, 2026

_____/s/_____
Brendan A. Hurson
United States District Judge

6